

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2009

# USA v. Henry Rauser

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3281

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Henry Rauser" (2009). *2009 Decisions.* Paper 2031.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2031

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3281
_____

UNITED STATES OF AMERICA

vs.

HENRY RAUSER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 06-cr-00440-1)
District Judge:  Honorable James Knoll Gardner

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 31, 2008
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed January 14, 2009)
_____

OPINION
_____

PER CURIAM.

　　　　In October 2007, the appellant, Henry Rauser, was tried before a jury in the

United States District Court for the Eastern District of Pennsylvania for possession with

intent to distribute five grams or more of cocaine base.  See 21 U.S.C. § 841(a)(1),

1

(b)(1)(B).  During the trial, Rauser, who had elected to proceed pro se,[1] sought to change his plea from "not guilty" to "not guilty by reason of insanity," but the District Court denied his request.  On November 1, 2007, at the conclusion of the 18-day trial, the jury found Rauser guilty on the sole count of the indictment.  The verdict was entered the following day.  The District Court subsequently sentenced Rauser to a term of 162 months' imprisonment, followed by eight years of supervised release.  Rauser filed a timely notice of appeal on March 7, 2008.  (C.A. No. 08-1478.)

Several months later, on July 7, 2008, and while his appeal was pending in this Court, Rauser filed a motion for a new trial in the District Court.  This motion did not contain any argument, but instead merely referred the District Court to an attached newspaper article about the Supreme Court's recent decision in Indiana v. Edwards, 128 S. Ct. 2379 (2008).  In Edwards, the Court held that states were permitted to appoint counsel to represent criminal defendants who suffer from severe mental illness even if the defendant insists on proceeding pro se.  Id. at 2388-89.  Thus, it appears that Rauser was attempting to allege that the District Court should have insisted upon appointing counsel to assist him at trial.  The District Court did not reach the merits of this argument, however, because it determined that the motion was untimely.[2]  See FED. R. CRIM. P.

---

[1]  It appears that Rauser had assistance from court-appointed standby counsel.

[2]  The District Court could deny Rauser's motion under Rule 33(b) even though, at the time of the District Court's ruling, Rauser had already initiated his direct appeal in this Court.  See Venen v. Sweet, 758 F.2d 117, 123 n.7 (3d Cir. 1985).

2

33(b)(2).  This appeal followed.

Upon review, we believe that the District Court correctly concluded that Rauser's motion was untimely.  A motion for a new trial based upon newly discovered evidence may be filed up to three years after the verdict.  FED. R. CRIM. P. 33(b)(2). When, however, a motion for a new trial is based on "any other reason," it must be filed within seven days of the verdict.  Id.  Here, Rauser's motion was based on the Supreme Court's decision in Edwards, not on "newly discovered evidence."[3]  FED. R. CRIM. P. 33(b)(1).  Therefore, Rauser had seven days from November 2, 2007, the date the verdict was entered, to file his motion for a new trial.  See United States v. Camacho, 370 F.3d 303, 307-08 (2nd Cir. 2004).  He did not, however, file the motion until several months later, on July 7, 2008.  As a result, the motion was untimely.

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the District Court's order dismissing Rauser's motion for a new trial.  See Third Cir. LAR 27.4 and I.O.P. 10.6.

---

[3]  To the extent that Rauser believes that the Supreme Court's decision in Edwards somehow affects the validity of his conviction, he may wish to raise this claim in the direct appeal currently pending in this Court, (C.A. No. 08-1478), or on collateral review. Similarly, insofar as Rauser intended to raise an ineffective assistance of counsel claim in his notice of appeal, he may not do so here; such a claim may be raised in a motion pursuant 28 U.S.C. § 2255.  We make no comment, however, on the potential validity of such claims.

3